

# Fourth Court of Appeals
## San Antonio, Texas

July 29, 2014

No. 04-14-00504-CR

Roberto **ROSAS, JR.,**
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. 13-CRS-256
Marisela Saldana, Judge Presiding

### O R D E R

The trial court imposed sentence in the underlying cause on January 10, 2014. Because appellant did not file a motion for new trial, the notice of appeal was due to be filed on February 10, 2014. TEX. R. APP. P. 26.2(a)(1). Appellant did not file his notice of appeal until July 18, 2014.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See id*. Having reviewed the record, appellant's notice of appeal was untimely filed, and no motion for extension of time was filed. It is therefore ORDERED that appellant show cause in writing within two weeks from the date of this order why this appeal should not be dismissed for lack of jurisdiction.[1] *See id*.; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

_____
Catherine Stone, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 29th day of July, 2014.

_____
Keith E. Hottle
Clerk of Court

---

[1] We also note the trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).